RIVIERE CRESCI & SINGER, LLC
222 Schanck Road – SUITE 201
Freehold, NJ 07728
(732) 646-5529
Attorney for Plaintiff

|  |  |
|---|---|
| DOUGLAS RETTSCHLAG,<br>1012 Stelton Road<br>Piscataway, NJ 07063<br>            Plaintiff,<br><br>Vs.<br><br>USIS COMMERCIAL SERVICES, INC.<br>(AKA HIRERIGHT)<br>c/o Registered Agent<br>Corporation Service Company<br>115 SW 89th Street<br>Oklahoma City, OK 73139-8511,<br><br>            Defendant. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>CASE NO:<br><br>CIVIL ACTION<br><br><br>**COMPLAINT**<br>**(JURY DEMAND ENDORSED HEREON)** |

## NATURE OF THE ACTION

1. Plaintiff, Douglas Rettschlag brings this action against Defendant, USIS Commercial Services, Inc. also known as HireRight, ("USIS"), for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq.

2. On or about February 4, 2009, USIS gave a grossly inaccurate background check report about Rettschlag to JB Hunt Transport, Inc. a trucking company, which had deferred his employment pending its receipt of a criminal background report. The report falsely indicates that Rettschlag pleaded guilty and was convicted of "Sexual Assault".

3. At other unknown dates, which are still subject to ongoing discovery, in connection with online applications that Rettschlag pursued, USIS gave grossly inaccurate background check reports about Rettschlag to other employers (some of those employers include Sysco, Conway and Ferro Foods), also subject to ongoing discovery and as consequence he was denied employment, has suffered lost wages and substantial emotional distress.

4. Because of USIS's reckless and inaccurate report, J.B. Hunt declined Rettschlag employment. As a result, Rettschlag has suffered lost wages and substantial emotional distress.

## PARTIES

5. Rettschlag is a resident of Union County, New Jersey.

6. USIS is a corporation headquartered in Tulsa, Oklahoma and is a consumer reporting agency as defined by 15 U.S.C. § 1681a. USIS conducts business

in New Jersey by providing New Jersey employers with criminal background check reports regarding prospective employees.

## JURISDICTION AND VENUE

7. The Court has jurisdiction of this matter under 28 U.S.C. § 1331.

8. Venue is proper in the District of New Jersey because a substantial part of the events or omissions giving rise to Rettschlag's claims occurred in the District of New Jersey. 28 U.S.C. § 1391(b). Further, USIS is subject to personal jurisdiction in this district. 28 U.S.C. § 1391(c).

## FACTUAL ALLEGATIONS

9. On or about February 1, 2009 Rettschlag applied for a commercial truck driver position with JB Hunt, a long-haul trucking company with a terminal facility located in East Brunswick, New Jersey.

10. In response to employment application inquiries regarding his criminal history, Rettschlag truthfully disclosed that he was convicted of a 4th Degree Felony, that being "Sexual Contact".

11. Rettschlag has extensive commercial driving experience and holds a clean class A Commercial Driver's License ("CDL") with Hazmat and Tanker endorsements.

12. After completing his employment application, Rettschlag spoke with JB Hunt personnel, who advised that he would be hired pending receipt of a criminal background report reflecting said record that Rettschlag disclosed.

13. On or about February 4, 2009, USIS provided JB Hunt with a multi-page report regarding Rettschlag. *See attached Exhibit A.*

14. Page three of Exhibit A indicates that "Match was made using Last name, First name, and Birth date" and states that Rettschlag was convicted (guilty) of felony involving "Sexual Assault" – an inaccurate and false statement. Further, the fourth page of Exhibit A states that Rettschlag was convicted of "Aggravated Criminal Sexual Contact" – again inaccurate and false. Even further, page five of Exhibit A indicates that Rettschlag was convicted (guilty) of "Aggravated Criminal Sexual Contact" – again inaccurate and false. Furthermore, the inaccurate "Aggravated Criminal Sexual Contact" information on page five is accompanied with a disposition date of 8/13/2001 another inaccurate and false item. In all, this report has three wrongfully reported criminal hits and reports on two disposition dates for what would appear to be two different crimes.

15. USIS has a history with Rettschlag, whereby USIS received a letter from from Juan J. Ryan, Esq, on February 22, 2006, explaining the charge that Rettschlag was convicted of and attaching a copy of N.J.S.A. 2:14-3. *See attached Exhibit B.*

16. USIS on March 7, 2006, then acknowledged that Rettschlag was convicted of "Sexual Contact", and after reviewing the record, in light of Mr. Ryan's letters, still chose to maintain its record and report it the same. *See attached Exhibit C.*

17. Despite its legal obligation to provide notice of the report to Rettschlag at the time it was provided to JB Hunt, USIS intentionally backdated a cover letter to him dated February 4, 2009, but did not mail such notice until a date later than February 4, 2009. USIS has adopted a pattern and practice of intentionally misrepresenting dates associated with the provision of notice to the consumer under the FCRA, which is tantamount to fraud.

18. Because of USIS's recklessness and false statements about Rettschlag, JB Hunt and numerous other employers have declined him employment.

19.     As a result of USIS's conduct, Rettschlag has lost substantial income and benefits.

**COUNT I - VIOLATION OF THE FAIR CREDIT REPORTING ACT**

20.     Rettschlag realleges and incorporates by reference all preceding allegations of law and fact.

21.     Rettschlag is a "consumer" as defined by the Fair Credit Reporting Act "FCRA", 15 U.S.C. § 1681a(c).

22.     USIS is a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. § 1681a(f).

23.     The background check report created and provided by USIS to JB Hunt regarding Rettschlag is a "consumer report" as defined by the FCRA, 15 U.S.C. § 1681a(d).

24.     The consumer report regarding Rettschlag, created and provided by USIS to JB Hunt, contains inaccurate 'public records based' information, which had an adverse effect upon Rettschlag's ability to obtain employment.

25.     USIS failed to notify Rettschlag that public record information was reported to JB Hunt at the time such report was provided to JB Hunt in violation of 15 U.S.C. § 1681k(a)(1).

26.     USIS failed to maintain strict procedures designed to insure that public record information used in employment criminal background reports was complete and up to date, in violation of 15 U.S.C. §1681k(a)(2).

27.     USIS negligently or willfully failed to follow reasonable procedures to assure the maximum possible accuracy of the information about Rettschlag when it prepared the February 4, 2009, report provided to JB Hunt in violation of 15 U.S.C. § 1681e(b).

28.     USIS fails to take reasonable steps to update and maintain its records, especially in light of the fact that such records were disputed, USIS was provided with accurate information and state records were reflected the same at time of inaccurate reporting.

29.     By failing to take reasonable steps to update its records, USIS recklessly or willfully provided an employer with grossly inaccurate information about Rettschlag, resulting in his loss of employment.

30.     As a result of USIS's willful or negligent violations of 15 U.S.C. §§ 1681e(b), 1681k(a)(1) and 1681k(a)(2), Rettschlag was denied employment by JB Hunt, as well as other employers, thus suffering humiliation, embarrassment, mental anguish, emotional distress and lost wages.

31.     USIS's conduct was willful, rendering USIS liable for actual damages and punitive damages in the amount to be determined at trial pursuant to 15 U.S.C. § 1681n. Alternatively, USIS's conduct was negligent, rendering USIS liable for actual damages pursuant to 15 U.S.C. § 1681o.

32.     Rettschlag is entitled to recover costs and attorney's fees from USIS pursuant to 15 U.S.C. §§ 1681n and 1681o.

**COUNT II - DEFAMATION**

33.     Rettschlag realleges and incorporates by reference all preceding allegations of law and fact.

34.     USIS published in its "consumer reports" false information about Rettschlag, which affects him injuriously in his trade or profession.

35.  Specifically, USIS published in writing false information about Rettschlag including statements claiming Rettschlag committed crimes of moral turpitude.
36.  USIS published and communicated the false writing to third parties, to include JB Hunt.
37.  Said published false information and writings reflect upon Rettschlag in a defamatory manner, causing injury to Rettschlag's reputation, exposing him to ridicule, shame and disgrace and affecting him adversely in his trade or business.
38.  Because USIS published and communicated false information about Rettschlag to third parties, to include JB Hunt, Rettschlag has lost income and the capacity to earn income.
39.  USIS's conduct was outrageous because of its maliciousness or reckless indifference to the rights of plaintiff and others entitling plaintiff to an award of punitive damages.

## COUNT III – FALSE LIGHT

40.  Rettschlag realleges and incorporates by reference all preceding allegations of law and fact.
41.  USIS published in writing false information about Rettschlag, which affects him injuriously in his private life.
42.  Specifically, USIS published in writing false information about Rettschlag including statements claiming Rettschlag committed crimes of moral turpitude, placing him in a false light, this act, of making such information public via its "consumer reports" is and would be highly offensive to a reasonable person.
43.  USIS had knowledge that its "consumer reports", regarding the plaintiff, contained records that were false, but published them anyway.
44.  USIS, in publishing its "consumer reports" regarding the plaintiff acted in reckless disregard as to the falsity of its records and chose to publicize them anyway.
45.  Said published false information and writings reflect upon and place the plaintiff in a false light.

WHEREFORE, the Plaintiff, Douglas Rettschlag prays that this Court enter judgment in his favor and against Defendant, USIS Commercial Inc., on all counts and award him:

A. Compensatory damages;
B. Punitive damages to deter such outrageous, willful and reckless conduct in the future;
C. His court costs and attorneys' fees; and
D. Any other relief this Court deems just and proper.

        Respectfully submitted,
        RIVIERE CRESCI & SINGER, LLC.
        By: /s/ Paul J. Riviere
        Paul J. Riviere (NJ Bar No. 003602008)
        222 Schanck Road – SUITE 201
        Freehold, New Jersey 07728
        Telephone: (732) 646-5529
        Facsimile: (732) 358-0238
        Email: Priviere@64njlaw.com

## JURY DEMAND

Plaintiff demands a trial by a jury as to all issues presented herein.

/s/ Paul J. Riviere

1